RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/8/06
BY JPB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AUTRY LEE JONES | CIVIL ACTION NO. 06-1985 |
| VS. | SECTION P |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on October 26, 2006 by *pro se* petitioner Autry Lee Jones. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving concurrent life sentences imposed following his 1991 convictions in the United States District Court for the Western District of Texas for possession with intent to distribute more than 50 grams of cocaine base and conspiracy to distribute cocaine base.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §626 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** and that petitioner be **SANCTIONED** for repeatedly filing frivolous lawsuits.

## *Statement of the Case*

On or about July 24, 1991, petitioner was convicted of possession with intent to distribute more than 50 grams of cocaine base and conspiracy to distribute cocaine base in the United States District Court for the Western District of Texas. He was sentenced to serve concurrent life sentences. See <u>United States of America v. Autry Lee Jones</u>, No. 1:90-cr-00177 (U.S.D.C., W.D.Tex). On December 4, 1992, his convictions and sentences were affirmed in an unpublished opinion of the United States Fifth Circuit Court of Appeals. <u>United States of America v. Autry Lee Jones</u>, 980 F.2d 1444 (5th Cir. 1992). On April 19, 1993 his application for *certiorari* to the United States Supreme Court was denied. <u>Jones v. United States</u>, 507 U.S. 1040, 113 S.Ct. 1873, 123 L.Ed.2d 492 (1993).

On July 31, 1997 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in the United States District Court for the Western District of Texas. On December 16, 1997 his Motion to Vacate was denied. <u>United States of America v. Autry Lee Jones</u>, No. 1:90-cr-00177 (U.S.D.C., W.D.Tex) at docs. 93-102; see also Autry Lee Jones v. United States of America, 1:97-cv-00579. On May 5, 1998, the United States Fifth Circuit Court of Appeals affirmed the judgment of the district court in an unpublished opinion. <u>United States of America v. Autry Lee Jones</u>, No. 97-50132 (5th Cir. 1998).

Petitioner filed another post-conviction attack in the district court in June, 1998. His motion was denied both in the district court and in the Fifth Circuit Court of Appeals. United States of America v. Autry Lee Jones, No. 1:90-cr-00177 (U.S.D.C., W.D.Tex) at docs 104-109; United States of America v. Autry Lee Jones, No. 98-50685 (5th Cir. 1998).

On April 21, 1999 petitioner filed another §2255 Motion in the district court. This motion was denied on July 26, 1999. United States of America v. Autry Lee Jones, No. 1:90-cr-00177 (U.S.D.C., W.D.Tex) at docs. 110-120; see also Jones v. U.S.A., No. 1:99-cv-00252. On February 16, 2000, the Fifth Circuit also denied relief. [id., at doc. 126]

On September 25, 2000 petitioner filed a §2255 Motion to Vacate in the Fifth Circuit Court of Appeals. The pleading was treated as a motion for authorization to file a successive §2255 Motion. On November 7, 2000, the motion was denied. In Re: Jones, No. 00-50921 (5th Cir. 2000).

On August 18, 2003 petitioner filed what purported to be a civil rights complaint in the United States District Court for the Western District of Texas. On December 12, 2003, the District Court entered a judgment which construed the complaint to be a successive §2255 Motion and which dismissed the complaint due to petitioner's failure to obtain permission from the Fifth Circuit to file the successive Motion. See Autry Lee Jones v. City

Attorney's Office for the City of Austin, Texas, et al. No. 1:03-cv-00594 (U.S.D.C. - W.D.Tex.).

On February 23, 2004 petitioner filed a civil rights complaint in the United States District Court for the Western District of Texas. In the complaint petitioner argued that the defendants (the United States of America, the U.S. Attorney General, the U.S. Attorney and his Assistants) had denied him access to court by limiting his ability to file §2255 Motions. On March 18, 2004 petitioner's civil rights complaint was dismissed with prejudice as frivolous pursuant to the provisions of 28 U.S.C. §1915. The court also barred plaintiff "...from filing any further civil lawsuits in this Court without first obtaining permission from a District Judge or Magistrate Judge of this Court or a Circuit Judge of the Fifth Circuit Court of Appeals." Autry Lee Jones v. John Ashcroft, et al., No. 1:04-cv-00101 (U.S.D.C. - W.D.Tex).

Meanwhile, on May 21, 2003 petitioner filed a petition for writ of *habeas corpus* in this court attacking his 1991 drug conviction. On June 18, 2003, the undersigned authored a report recommending dismissal of the petition because petitioner had not the "savings clause" requirements because "...Jones has not attempted to show that he meets the savings clause and has not cited any retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent

offense and is 'actually innocent.'" On August 13, 2003 United States District Judge Dee D. Drell signed a judgment accepting the Report and Recommendation and dismissing petitioner's *habeas* petition with prejudice. [<u>Autry Lee Jones v. Carl Casterline, Warden</u>, No. 1:03-cv-0969 at docs. 2-5]

Petitioner appealed this judgment to the Fifth Circuit Court of Appeals and on February 17, 2004 the Fifth Circuit affirmed the district court's judgment and noted,

> Jones argues that: (1) he has been denied his First Amendment right to petition the courts; (2) his counsel was ineffective; and (3) he is actually innocent. Jones has not shown that any of his claims meet the requirements of the Savings Clause as he has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir.2001). Because Jones fails to demonstrate that relief pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the district court's judgment is AFFIRMED. <u>Jones v. Tapia</u>, 86 Fed.Appx. 781, 2004 WL 298625 (5th Cir. 2004).

Petitioner's application for writ of *certiorari* was denied by the United States Supreme Court on June 21, 2004. <u>Jones v. Tapia</u>, 542 U.S. 926, 124 S.Ct. 2890, 159 L.Ed.2d 788 (2004).

On October 26, 2006 petitioner filed the instant petition for writ of *habeas corpus*. The petition attacks the sentence imposed following his 1991 drug convictions. Petitioner now argues that he "...was denied his Sixth Amendment right at sentencing to proceed pro se in violation of his 6th Amendment

right." [doc. 1-1, p. 5]

## *Law and Analysis*

As petitioner must now be aware, the initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. As he has been advised previously, §2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

As he must surely know by now, federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal,

or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his sentence under the Sixth Amendment claiming that he was denied the right to represent himself at sentencing. His claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as he must by now be aware, petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a <u>retroactively applicable Supreme Court</u> decision which establishes that he may have been convicted of a nonexistent offense, <u>and</u> (2) his claim was <u>foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion</u>. Reyes-Requena, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable

Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or subsequent Motions to Vacate. Therefore, his petition for writ of *habeas corpus* must be dismissed.

Further, as shown above, petitioner continues to attack his 1991 drug conviction and the life sentences which were imposed following his conviction. Petitioner knows, or should by now know, that his continued collateral attacks are not supported by the law and are frivolous.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED THAT** petitioner be **BARRED** from filing **any further civil actions** without prior permission from a judge of this Court.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

    **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _December_____, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE